## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **INCOM CORPORATION** | § | |
| **Plaintiff.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:17-cv-00009** |
| | § | |
| **RADIANT RFID, LLC** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff InCom Corporation ("InCom") files this Original Complaint against Radiant RFID, LLC ("Defendant" or "Radiant") for infringement of U.S. Patents Nos. 8,353,705, 7,812,779 and 7,336,185.

### THE PARTIES

1.      Plaintiff InCom is a corporation organized under the laws of the State of California and has its principal place of business in Sutter, California.

2.      Defendant Radiant RFID, LLC, is a Texas limited liability company with its principal place of business at 12912 Hill Country Blvd. F-245, Austin, Texas 78738.

3.      Radiant may be served pursuant to Fed. R. Civ. P. 4(e)(1) through its registered agent, Cynthia C Rubio-Ratton at 12912 Hill Country Blvd, F-245 Austin, Texas 78738.

### JURISDICTION AND VENUE

4.      InCom brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).  Radiant is headquartered in Austin and does business in this judicial district, has committed acts of infringement in this judicial district, and has purposely transacted business in this judicial district involving the accused products.

7.      Radiant's infringing products and systems have been used for tracking attendance at schools in the Manor Independent School District.

**THE INCOM PATENTS IN SUIT**

8.      On January 15, 2013, the Patent Office duly and legally issued the '705 Patent, titled "Attendance Tracking System," to Michael Dobson, Douglas Ahlers, and Bernie DiDario, each of whom assigned their right, title and interest in the '705 Patent to InCom.

9.      InCom has been and is the owner of the entire right, title and interest in and to the '705 Patent.

10.      The '705 Patent describes an automated attendance monitoring system comprised of handheld devices, wireless ID scanners, ID cards and readers, and a central server connected to reader devices installed in the monitored area as depicted in the patent (see Fig. 4 reproduced below).



Fig. 4

11.    The '705 Patent describes a system for tracking the whereabouts and movement of individuals throughout an area.  The system may use passive wireless ID cards that respond to activation by scanners that cause emission of encrypted identification data corresponding to the wearer.

12.    Placement of scanning devices in doorways and strategic traffic locations provides collection of real-time location information that is collected at the central server.

13.    Real-time attendance and location reports may be generated in real-time from data collected across the monitored area.

14.    A benefit of the '705 invention is improvement of attendance record integrity. Compilation of attendance and location data enables cross-referencing of data to identify inconsistencies and errors.

15.    Another benefit of the '705 claimed subject matter is collection of data at different points along traffic patterns in order to derive directional information and traffic flow characteristics.

16.    Using wireless encoded tags and networked readers provides a novel method for location and presence data collection that delivers concrete and valuable advantages over prior manual systems.

17.    Systems employing the '705 invention have been deployed with success in schools, and the tangible benefits of the system's architecture and design include generation of forensic location data that uniquely provides last known location information.

18.    On February 26, 2008, the Patent Office duly and legally issued the '185 Patent, titled "Combination ID/Tag Holder," to Florrie Turner, Douglas Ahlers, and Bernie DiDario, each of whom assigned all their right, title, and interest in the '185 Patent to InCom.

19.    InCom has been and is the owner of the entire right, title and interest in and to the '185 patent.

20.    The '185 Patent describes and claims a combination ID/tag holder that can be used in conjunction with an automated attendance monitoring system.

21.     The system uses tags (worn or carried by students or other attendees) and readers to monitor the whereabouts of individuals.  Thus, for example, as students enter a classroom, the antenna of a reader placed near the door would interact with Radio Frequency Identification ("RFID") tags that are worn or carried by the students.

22.     In order for an automated attendance tracking system to reliably monitor attendance, there must be good communication between the tag and the antenna of the reader. The position of the tag relative to the antenna of the reader can affect "readability."

23.     The signal between the antenna of the reader and the tag is subject to interference, especially form the moisture and organic compounds that are associated with the human body, as well as clothes, backpacks, etc.  The '185 Patent describes how to overcome the obstacles that have hindered the use of RFID tags to locate people.

24.     The '185 Patent disclosed several embodiments of the invention generally featuring novel structures to ensure radiofrequency isolation.  One such example is shown in Figure 6, reproduced below:



Fig. 6

25.     The claimed subject matter of the '185 Patent presents advantages enjoyed and touted by Radiant.  For example, enhanced readability of RFID tags enable long-distance reading

so wearers would not be required to hold their tag close to a reader to be detected.

26.     In January 2011, Radiant released its Gen 2 UHF wristband.

27.     About its Gen 2 UHF wristband, Radiant stated:

> The wristband from Radiant RFID provides a read range up to four meter and is composed of silicone material, which enables it to function and be worn for days, weeks and even months. It is intended for RFID tracking applications requiring comfort and long wear such as cruise ships, theme parks, trade shows, festivals and long-term special events.

28.     On October 12, 2010, the Patent Office duly and legally issued the '779 Patent, titled "RFID Transceiver Sensitivity Focusing System," to Florrie Turner and Douglas Ahlers, both of whom assigned all of their rights, title, and interest in the '779 Patent to InCom.

29.     InCom has been and is the owner of the entire right, title and interest in and to the '779 Patent.

30.     The '779 Patent discloses and claims systems for focusing RFID transceiver sensitivity so tags may be read accurately from a distance.  The '779 inventions complement the '705 and '185 Patents and generally improve the operation of tag readers used in, for example, location tracking and attendance tracking systems.

31.     The claimed subject matter of the '779 Patent relates to shielding and shaping a monitored zone to focus the radio signals to a specific area.



32.     In the figure above, the radio frequency identification antenna transceiver is placed at the top of a doorway, allowing the transceiver to monitor RFID tags that pass under the doorway.  The radio frequency identification antenna transceiver may also be mounted on either side of the door.

33.     InCom developed the inventions claimed in the asserted patents for deploying attendance tracking systems in schools, colleges, universities, commercial businesses, conventions, trade shows, amusement parks and other venues where precise and accurate information about attendance and location of attendees is valued.

34.     The claimed subject matter enables the use of Radio Frequency Identification ("RFID") to recognize human beings and track their attendance.

35.     In addition to attendance information, last seen location data is also tracked and recorded which can be useful in an emergency or disaster situation.

## NOTICE

36.     InCom has complied with the requirements of 35 U.S.C. § 287 by marking its embodying products.

## INCOM CORPORATION

37.     InCom Corporation was formed in 2004 to develop RFID products for certain niche markets. These markets are often labeled as "hard to read."

38.     These markets present certain challenges to RFID technology because inherent conditions are not naturally amenable to RFID technology.

39.     People, for example, present certain challenges for radio engineers because body type, water content, and other biological and environmental factors affect radio read rates.

40.     InCom's markets InClass which is a school attendance RFID system that requires no contact, no swipes and no close proximity cards to operate in a school environment.

41.     InCom's InClass technology allows for the seamless integration of RFID into a school for attendance taking, compilation and reporting, as well as security.

42.     InCom also markets OnCampus which offers a flexible, custom approach to monitoring the arrival and departures of people engaged in a variety of activities, in an almost endless number of environments. For example, it allows businesses to know where its people are; trade organizations to monitor exhibit hall attendance; and organizations to document minutes attendees are in the classroom, among other uses.

43.     InCom's products have been utilized in a variety of industries and locations including those served by Radiant.

**RADIANT RFID**

44.     Radiant provides the Radiant RFID mustering solution, an all-hazard response network, emergency, evacuation & shelter management and K-12 solutions among other combinations of its products to its customers (collectively "Radiant Products").

45.     Radiant claims that its products enable users to organize evacuees and coordinate responders during disasters identify, locate, and move evacuees and pets; manage shelters; reunite loved ones with their families; and allows corporate, government, schools and other Radiant customers to automatically determine which employees, guests, suppliers, and /or students have safely arrived at assembly areas — and which people remain inside facilities — while providing important last-seen location data.



46.     Radiant RFID was founded in 2004 at a time when passive and active RFID were used mainly to track packages and pallets in corporate supply chains.

47.     Radiant RFID advertises that Radiant Products keep track of their clients' most valuable and dynamic assets.  For educational facilities or large events, this may be people.

48.     Radiant RFID provides its K-12 Solutions to schools and markets the Radiant products for use with student attendance reporting, emergency management, and bus ridership.

49.     Radiant   RFID   sells   RFID   tags   and   wrist   bands   on   its   website

(http://www.rfidwristband.com/).

50.    Radiant RFID wrist bands, cards and tags include the following products:



**Radiant UHF Custom Rewearable RFID Wristbands**

$1,408.00



**Black Rewearable RFID Wristbands - In Stock - Box of 250 Bands**

$1,642.50



**Radiant Single-Use UHF RFID Wristbands - Blue - Minimum Order Qty. 100**

$2.55



**Radiant Universal RFID Hard Tag**

$6.16



51.     Radiant describes the Radiant RFID Employee Mustering solution as a combination of RFID-enabled badges, fixed RFID readers at key building assembly areas, ingress and egress points, a single or multiple unit deployment of Radiant's mobile Command Kit, and Radiant's software.

52.     Radiant claims that because it is portable, the Command Kit provides maximum flexibility to manage employee mustering outside facilities (ex: parking lots) during the fluid times of an emergency.

53.     According to Radiant, the Radiant Command Kit deploys during an emergency and can detect the presence of employees within 25 feet, and additional remote devices can be used to easily increase the coverage of employee and visitor detection making any location a muster point.





54.     Radiant provides over-the-door RFID readers.

55.     Radiant provides RFID readers that can read RFID tags up to 25 feet.

56.     Radiant deploys attendance tracking systems that utilize over-the-door RFID readers, RFID tags, and a central server.





## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 7,336,185)

57.     InCom incorporates paragraphs 1 through 56 herein by reference.

58.     InCom is the owner, by assignment, of U.S. Patent No. 7,336,185 (the "'185 Patent") titled "COMBINATION ID/TAG HOLDER"

59.     A true and correct copy of the '185 Patent is attached as Exhibit A.

60.     As the owner of the '185 Patent, InCom holds all substantial rights in and under the '185 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

61.     The United States Patent Office issued the '185 Patent on February 26, 2008.

62.     The '185 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

63.     Radiant has practiced and continues to practice one or more claims of the '185 Patent, including at least claim 16, by making, using, offering for sale, selling and/or importing

Radiant Products including without limitation Radiant RFID tags and wristbands.

64.     Radiant has no consent or authorization to practice the '185 Patent.

65.     Radiant sells, offers to sell, imports, and/or uses the Radiant Products in the United States.

66.     The accused Radiant Products including its RFID tags are used in holders that allow the tag to be consistently read while borne by a human user.

67.     The accused Radiant Products including its RFID tags are contained in holders formed of plastic or silicon-based material having an elongate form with a horizontal length greater than a vertical height and the height greater than a horizontal depth.



68.     Accused RFID tags are contained in a holder comprising a combination of a tag suspension adapted to couple the tag to the human user; a tag orientation controller adapted to keep the tag with its length extending substantially horizontally and extending lateral to the human user when said tag suspension is in use coupling the tag to the human user; and a tag spacing maintainer adapted to keep the tag spaced in depth away from the human user by a minimum distance to minimize interference with tag reading caused by the human user's attenuation of signals interacting with the tag.

69.     By this complaint, Radiant is on notice of how the accused products infringe and how their customers' use of the accused products infringes the asserted claims of the '185 Patent.

70.     InCom has been damaged as a result of Radiant's infringing conduct.

71.     Radiant is liable to InCom in an amount that adequately compensates InCom for Radiant's infringement, which compensation can be no less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 7,812,779)

72.     InCom incorporates paragraphs 1 through 71 herein by reference.

73.     InCom is the owner, by assignment, of U.S. Patent No. 7,812,779 (the "'779 Patent"), titled "RFID TRASNCIEVER SENSITIVITY FOCUSING SYSTEM."

74.     A true and correct copy of the '779 Patent is attached as Exhibit B.

75.     As the owner of the '779 Patent, InCom holds all substantial rights in and under the 779 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

76.     The United States Patent Office issued the '779 Patent on October 12, 2010.

77.     The '779 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

78.     Radiant is practicing and continues to practice one or more claims of the '779 Patent, including at least claims 1 and 14 by making, using, offering for sale, selling and/or importing Radiant Products including RFID doorway readers and fixed RFID readers.

79.     Radiant has no consent or authorization to practice the '779 Patent.

80.     Accused Radiant Products include systems for focusing sensitivity of an RFID transceiver.

81. Accused Radiant Products include an RFID transceiver antenna.

82. Accused Radiant Products include an RFID transceiver antenna that is adapted to be located proximate to but spaced from a monitoring zone to establish an RF field within a monitoring zone.

83. Radiant describes its Employee Mustering solution as "a combination of fixed RFID readers at key building ingress and egress points, readers covering designated muster points around your facility, and a single or multiple unit deployment of the mobile Command Kit."

84. Accused Radiant Products include shielding between the antenna(e) and the monitoring zone and an aperture formed in the shielding.

85. In the accused Radiant Products, the antenna has a lower surface oriented in a substantially horizontal plane so the body of the antenna and the shielding overlie the monitoring zone.

86. The accused Radiant Products use shielding around the aperture(s) as described and claimed in the '779 Patent in order to focus the sensitivity of the radio signals.

87. By this complaint, Radiant is on notice of how the accused products infringe and how their customers' use of the accused products infringes the asserted claims of the '779 Patent.

88. InCom has been damaged as a result of Radiant's infringing conduct.

89. Radiant is thus liable to InCom in an amount that adequately compensates it for Radiant's infringement, which compensation can be no less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III
## (INFRINGEMENT OF U.S. PATENT NO. 8,353,705)

90. InCom incorporates paragraphs 1 through 89 herein by reference.

91.     InCom is the owner, by assignment, of U.S. Patent No. 8,353,705 (the "'705 Patent") titled "ATTENDANCE TRACKING SYSTEM"

92.     A true and correct copy of the '705 Patent is attached as Exhibit C.

93.     As the owner of the '705 Patent, InCom holds all substantial rights in and under the 705 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

94.     The United States Patent Office issued the '705 Patent on January 15, 2013.

95.     The '705 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

96.     Radiant has practiced and continues to practice one or more claims of the '705 Patent including at least claims 1, 2, 4, 5, and 6 by making, using, offering for sale, selling and/or importing Radiant Products.

97.     Radiant has no consent or authorization to practice the '705 Patent.

98.     Accused Radiant Products include without limitation: Radiant RFID Mustering Solutions for education, corporate, and government; All Hazard Response Network RFID Systems deployed for local and state governments, federal contractors, NGOs, and in the private sector; and RFID systems for gathering and validating attendance data in public and private events.

99.     Radiant provides uniquely encoded tags adapted to be borne by attendees.

100.    Radiant scanners and readers are positioned by Radiant on premises to scan tags from a distance tags as the attendees pass into an attendance area.

101.    Accused Radiant Systems create a provisional attendance report at least partially from information acquired by the scanner from the tags and present the provisional attendance

information in near real time through the Radiant customer software applications running on computers, PDAs, and mobile phones.

102.    Expected attendance is compared to provisional attendance by the Radiant software and users of the accused systems and determinations are made regarding missing attendees or employees failing to muster.

103.    Using the Radiant system output, users and Radiant personnel testing the accused systems perform attendance checks and compare to the system output.

104.    By this complaint, Radiant is on notice of how the accused systems infringe and how their customers' use of the accused systems infringes the asserted claims of the '705 Patent.

105.    Accused Radiant systems compare reports generated by Radiant readers at different locations and times to determine discrepancies between attendance reports.

106.    Radiant tags include circuitry adapted to be scanned to transmit information encoded on the tags to a central server processor running Radiant software adapted to generate attendance reports.

107.    Accused Radiant attendance tracking systems allow wireless communication for transmitting provisional attendance report information to handheld devices in the attendance area.

108.    The graphic below accurately shows Radiant RFID system components including handheld devices and software.



109.    InCom has been damaged as a result of Radiant's infringing conduct.

110.    Radiant is liable to InCom in an amount that adequately compensates InCom for Radiant's infringement, which compensation can be no less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

111.   Radiant is hereby notified it is legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

112.   As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored.  These sources may also include any personal electronic, digital, and storage devices of any and all of Defendant's agents, resellers, or employees if Defendant's electronically stored information resides there.

113.    Radiant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses.   To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify its agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## JURY DEMAND

InCom hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER FOR RELIEF

InCom prays for the following relief:

a.   That Defendant be summoned to appear and answer;

b.   That the Court enter judgment in favor of InCom on all counts declaring that Radiant has infringed the '779, '185 and '705 Patents;

c.   That this is an exceptional case under 35 U.S.C. §285;

d.   That the Court award InCom damages and order Radiant to provide an accounting and pay to InCom all damages allowed by law including pre and post-judgment interest and reasonable attorney's fees, costs, and expenses incurred in this action; and

e.   That InCom be granted such other and further relief as the Court may deem just and proper under the circumstances.

January 6, 2017                          Respectfully submitted,

**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Ave., Suite 1050
Austin, Texas  78701
512.473.2257 Telephone
512.478.4409 Facsimile

By:

Cabrach J. Connor
State Bar No. 24036390
Email:  cconnor@taylordunham.com
Jennifer Tatum Lee
Texas Bar No. 24046950
Email:  jtatum@taylordunham.com