IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INCOM CORPORATION | § | |
|     Plaintiff | § | |
| | § | |
| | § | CIVIL ACTION NO. 1:17-cv-00009 |
| vs. | § | |
| | § | |
| RADIANT RFID, LLC | § | |
|     Defendant | § | |

**DEFENDANT'S REPLY TO INCOM'S RESPONSE**
**<u>TO DEFENDANT'S MOTION TO DISMISS</u>**

TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. INCOM FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT. ............................2

    A. Incom Improperly Alleges Infringement by Radiant's Entire Business. .............................2

    B. Incom Fails to State A Claim Because Required Claim Elements Are Missing. ................3

        1. Incom Is Required to Allege that Each Element Is Present. .........................................3

        2. Incom Has Not Alleged that Each Claim Element Is Met. ...........................................6

            a) '779 Patent Claim Elements Are Missing. .............................................................6

            b) '185 Patent Claim Elements Are Missing. .............................................................7

            c) '705 Patent Claim Elements Are Missing. .............................................................8

III. INCOM FAILS TO ALLEGE INFRINGEMENT UNDER §271(B) OR §271(C). .................9

IV. CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anza Tech., Inc. v. ARRIS Grp., Inc.*,
  No. 316CV01261BENAGS, 2016 WL 8732646 (S.D. Cal. Nov. 4, 2016) ............................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................. 2, 8

*Atlas IP, LLC v. Exelon Corp.*,
  189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) ............................................................................... 5

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
  No. C 11-04049, 2012 WL 2343163 (N. D. Cal. June 5, 2012) ............................................ 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. (2007) ......................................................................................................................... 2

*In re Bill of Lading Transmission and Processing Sys. Patent Litig*,
  681 F.3d 1323 (Fed. Cir. 2012) .............................................................................................. 10

*Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., Inc.*,
  No. 2:15 cv-1274-JRG-RSP, 2016 U.S. Dist. LEXIS 124144 (E.D. Tex. Aug.
  19, 2016) .................................................................................................................................... 5

*Dermafocus, LLC v. Ulthera, Inc.*,
  201 F. Supp. 3d 465, 470 (D. Del. 2016) ................................................................................. 5

*e.Digital Corp. v. iBaby Labs, Inc.*,
  No. 15-5790, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) ......................................... 4

*Eon-Net LP v. Flagstar Bancorp*,
  653 F.3d 1314 (Fed. Cir. 2011) ............................................................................................ 1, 6

*Footbalance Sys., Inc. v. Zero Gravity Inside, Inc.*,
  No. 15-1058, 2016 WL 903681 (S.D. Cal. Feb. 8, 2016) ......................................................... 3

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) .............................................................................................. 10

*Gonzales v. Pan Am. Labs., L.L.C.*,
  No. 3:14-CV-2787-L, 2015 WL 5731289 (N.D. Tex. Sept. 29, 2015) ..................................... 8

*Incom Corp. v. The Walt Disney Company*,
  2-15-cv-03011 (C.D. Cal. April 22, 2015) ............................................................................... 9

*Iron Gate Sec., Inc. v. Lowe's Cos.*,
   No. 15-cv-8814 (SAS), 2016 U.S. Dist. LEXIS 34061 (S.D.N.Y. Mar. 16,
   2016) ..................................................................................................................................5

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*,
   No. 15-CV-1067, 2017 WL 1197096 (N.D. Ill. Mar. 31, 2017)............................................4, 5

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
   360 F.3d 1295 (Fed. Cir. 2004)..................................................................................................6

*Tai v. Minka Lighting, Inc.*,
   No. CV-16-02810-PHX-DLR, 2017 WL 568519 (D. Ariz. Feb. 13, 2017)...............................5

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
   No. 3-13-cv-1278, 2013 WL 5729487 (S. D. Cal. Oct. 22, 2013)............................................10

*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*,
   No. C–10–4458 EMC, 2011 WL 4079231, at *4 (N.D.Cal. Sept. 12, 2011) ............................3

*Yeti Coolers, LLC v. RTIC Coolers, LLC*,
   1:15-CV-00597-RP, DKT#110 (W.D. Tex. August 1, 2016)...........................................3, 4, 7

*Zimmer Surgical, Inc. v. Stryker Corp.*,
   C.A. No. 16-679, 2017 U.S. Dist. LEXIS 52679 (D. Del. Apr. 6, 2017) ...............................3, 5

**Rules**

Local Rule 3-1....................................................................................................................................5

Rule 11 ..........................................................................................................................................2, 6

Rule 12(b)(6)................................................................................................................................3, 10

**I.     INTRODUCTION**

Radiant is a small, Austin-based tech company that has never been sued for patent infringement in its thirteen year existence.  Incom claims to be a "competitor" of Radiant, but appears instead to be nothing more than a patent assertion entity.  Its purported website www.incomcorporation.com refers to financial planning and does not mention RFID technology.

Radiant is baffled by Incom's infringement assertions.  Several elements required by the asserted claims simply cannot be found in any Radiant product.  Radiant has asked Incom to identify how its products could possibly meet these missing elements. Radiant has also pointed out several specific claim elements missing from Incom's factual allegations in its motions.

Incom has not provided the requested information.  Incom should be able to do so because it has several products in its possession and has inspected, photographed and disassembled other products.[1]  Despite knowledge of these missing claim elements, Incom amended its complaint without providing factual allegations to address them.  Incom insists that it does not have to do so until it forces Radiant to incur substantial litigation costs. Resp. 15.

Thus, the very real possibility exists that Incom is asserting unfounded infringement claims in an attempt to exploit the high costs of litigation to extract a settlement.  Courts have expressed disdain for and sought to deter this type of patent shakedown.  *See, e.g., Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1326-27 (Fed. Cir. 2011).

To ensure that unfounded claims are not being asserted and the Court's resources are not misspent, this Court should apply the *Twombly/Iqbal* standard it has followed in prior cases to Incom's patent infringement complaint.  Under this approach, conclusory statements that parrot claim language are ignored, and the complaint is examined for factual allegations that plausibly

---

[1]  Income inaccurately states that it "was not permitted to take apart the products and inspect their components."  Resp. 12 n.6.

1

show each element of an asserted claim is met by a specific product.  This approach is consistent with the settled law that no claim of relief for patent infringement exists unless each claim element is met, ensures compliance with the patent owner's Rule 11 obligations, and guards against patent shakedowns by ensuring that a plausible claim for relief for patent infringement exists before subjecting a defendant like Radiant to the high costs of patent litigation.

Following this standard, Incom's amended complaint fails to state a claim and should be dismissed.  Factual allegations on several claim elements are missing, and Incom does not even assert that its complaint contains these missing allegations.  The complaint should also be dismissed for additional reasons.  For instance, Incom does not give Radiant fair notice of the products being accused.  Instead, it broadly asserts infringement by "Radiant Products" which is defined to encompass Radiant's entire business.  Incom also fails to state a claim for contributory infringement or inducement of infringement.  Neither grounds are even mentioned in the complaint, which alleges only "infringement" under §271(a).

Incom had an opportunity to amend its complaint with full knowledge of the missing claim elements.  See DKT#11 and DKT#12.  It should not get another bite at the apple.  If it does, the Court should require Incom to include factual allegations that identify specific accused products as well as the specific structure and/or steps that correspond to each element of the asserted claims, especially those that are currently absent or alleged in conclusory fashion.

## II.     INCOM FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT.

### A.     Incom Improperly Alleges Infringement by Radiant's Entire Business.

Incom's complaint is deficient because it does not adequately identify the products accused of infringement.  DKT#13 at 9-10, 12-13, 15.  "[M]ost courts have, in the wake of *Twombly* and *Iqbal*, required some level of specificity regarding the accused product, *i.e.*, beyond the generic descriptions such as those employed by [counterclaimant] ('computer chips,

motherboards, computers'). Indeed, many courts have even required an exact identification." *Footbalance Sys., Inc. v. Zero Gravity Inside, Inc.*, No. 15-1058, 2016 WL 903681, at *4 (S.D. Cal. Feb. 8, 2016) quoting *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C–10–4458 EMC, 2011 WL 4079231, at *4 (N.D.Cal. Sept. 12, 2011). Incom does not identify specific products; it generally alleges that all "Radiant Products" infringe each patent. DKT#12, Amended Complt at ¶105 ("Radiant Products including without limitation Radiant RFID tags and wristbands"); ¶134 ("Radiant Products including RFID doorway readers and fixed RFID readers"); ¶163 ("Radiant Products"). Incom defines "Radiant Products" broadly to encompass Radiant's entire business. *Id.* at ¶52. The Court in *Footbalance* dismissed a similar complaint where the plaintiff alleged infringement by an "entire business" but added "including but not limited to" to refer to one category of products. *Footbalance*, 2016 WL 903681, at *4.

In response, Incom tries to redraft its complaint; omitting the allegations against all "Radiant Products." Resp. 13. For the '185 Patent, Incom cites ¶105 and says "[t]he accused products are Radiant RFID tags and wristbands." *Id.* For the '779 Patent, Incom cites ¶134 and says its pleading "similarly accuses 'RFID doorway readers and fixed RFID readers."[2] Resp. 9. Incom's attempt to accuse Radiant's entire business is improper and should be dismissed.

   **B.**  **Incom Fails to State A Claim Because Required Claim Elements Are Missing.**

     **1.**  **Incom Is Required to Allege that Each Element Is Present.**

The majority of district courts hold that to state a claim for patent infringement, a plaintiff must allege facts that plausibly show each element of an asserted patent claim is found in an accused product. DKT#13 at 8-9. This same result follows from the pleading standard followed by this Court in the context of Rule 12(b)(6). *See Yeti Coolers, LLC v. RTIC Coolers, LLC*,

---

[2] *Zimmer Surgical, Inc. v. Stryker Corp.*, C.A. No. 16-679, 2017 U.S. Dist. LEXIS 52679, at *10-12 (D. Del. Apr. 6, 2017) is inapposite. Resp. 9. In *Zimmer*, the plaintiff identified two specific systems, "Neptune 2" and "Neptune 3," and did not accuse Stryker's entire business.

1:15-CV-00597-RP, DKT#110 at 3-4 (W.D. Tex. August 1, 2016). In *Yeti Coolers*, this Court observed that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 570 (2007). The first step in this analysis is to identify and omit allegations "that are no more than legal conclusions or '[t]hreadbare recitals of a cause of action's elements.'" *Id.* quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). The next step is for the court to "assume the veracity of well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Id.*

When this standard is applied to Incom's patent infringement claims, the same standard adopted by most district courts emerges. A plaintiff must allege facts that plausibly show each element of an asserted patent claim is found in an accused product to state a claim for patent infringement. This requirement flows naturally from the *Twombly/Iqbal* requirement that a plaintiff must plead facts that plausibly give rise to an entitlement to relief for patent infringement, and the burden of proof in a patent infringement case "because 'the failure to meet a single limitation is sufficient to negate infringement of [a] claim.'" *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 1197096, at *3 (N.D. Ill. Mar. 31, 2017) quoting *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-5790, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016). A complaint that fails to provide such allegations does not present a plausible basis for finding infringement, and fails to state a claim.

Incom's entire response asks the Court to adopt a standard that allows Incom to state a claim even though the complaint effectively shows no infringement because required claim elements are unmet. Incom attempts to distinguish Radiant's line of authorities, but acknowledges that these cases grant dismissal where "a claim limitation was absent." Resp. 6

and 7 n.3.  Many other cases do likewise.  *See, e.g., Oil-Dri Corp. of Am.* 2017 WL 1197096, at *3; *Tai v. Minka Lighting, Inc.*, No. CV-16-02810-PHX-DLR, 2017 WL 568519, at *3 (D. Ariz. Feb. 13, 2017); *Anza Tech., Inc. v. ARRIS Grp., Inc.*, No. 316CV01261BENAGS, 2016 WL 8732646, at *5 (S.D. Cal. Nov. 4, 2016).  By contrast, Incom cites cases that either found each claim element was alleged,[3] do not address the issue,[4] involve a situation (unlike here) where information was unavailable to plaintiff,[5] or continue to apply the Form 18 standard.[6]  None explain how a Form 18 approach comports with the *Twombly/Iqbal* requirement for facts that "plausibly give rise to an entitlement to relief" when the allegations do not plausibly show patent infringement because claim elements are missing.  As one Court put it, "factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement."  *Minka Lighting*, 2017 WL 568519, at *3 quoting *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016).

An each element standard is appropriate here to protect defendants like Radiant from facing the Hobson's choice of high cost litigation or settlement based on unfounded infringement accusations.  Courts have sought to deter patent plaintiffs who assert weak or unfounded infringement claims in an attempt to exploit the high costs of litigation to extract a settlement.

---

[3]   *Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15 cv-1274-JRG-RSP, 2016 U.S. Dist. LEXIS 124144, at *13 (E.D. Tex. Aug. 19, 2016); *Iron Gate Sec., Inc. v. Lowe's Cos.*, No. 15-cv-8814 (SAS), 2016 U.S. Dist. LEXIS 34061, at *8 (S.D.N.Y. Mar. 16, 2016).
[4]   *Zimmer*, 2017 U.S. Dist. LEXIS 52679, at *10-12.
[5]   *Dermafocus, LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 470 (D. Del. 2016); *Raytheon Co. v. Cray, Inc.*, No. 2:16-CV-00423-JRG-RSP, 2017 U.S. Dist. LEXIS, 56729 at *11 (E.D. Tex. Mar. 12, 2017).
[6]   Contrary to Incom (Resp. 15), the each element standard differs significantly from the information required for infringement contentions.  For example, the Eastern District of Texas patent rules require identifying every asserted claim, each accused product by make and model number, whether infringement is literal or equivalent, the patent priority date, and providing a specific chart matching each accused product with each element of each asserted claim.  *See* United States District Court for the Eastern District of Texas, Patent Local Rule 3-1.

*See, e.g., Eon-Net*, 653 F.3d at 1326-27.  Under an each element standard, the plaintiff has to demonstrate a plausible factual basis to claim infringement before subjecting a defendant to the high costs of litigation.  But under Incom's standard, a plaintiff can force a defendant into the Hobson's choice where no plausible basis for infringement exists.  A defendant is further protected from unfounded accusations because an each element standard helps to ensure compliance with Rule 11.  That rule obligates a patent plaintiff to compare the asserted claims to an accused product and form a good faith, reasonable basis for alleging infringement before filing a complaint.  *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300–01 (Fed. Cir. 2004).  Incom's standard creates the possibility for a plaintiff to state a claim and proceed to discovery without complying with Rule 11.  But an each element standard negates this possibility and effectively ensures compliance with Rule 11.

An each claim element standard is particularly appropriate here given Incom's possession of and access to accused products.  The complaint photos show that Incom already possesses several accused products, including wristbands, bracelets and badge holders, and that it can readily purchase others.  DKT#12, Amended Cmplt. ¶¶89-91, 109-115, 118.  Incom also admits that it inspected – it also photographed and disassembled – Radiant's overhead reader product prior to amending its complaint. Resp. 12.  And, Incom's response cites a considerable amount of publicly available information that it did not mention in its amended complaint, including Radiant's patent, customer instructions, and information related to its attendance tracker method claims. Resp. 19-20.  It could have included all this factual information but did not.

### 2. Incom Has Not Alleged that Each Claim Element Is Met.
#### a) '779 Patent Claim Elements Are Missing.

Incom's amended complaint is missing factual allegations that plausibly show a Radiant product meets each element of claims 1 and 14.  DKT#13 at 12.  For example, the asserted

6

claims require shielding that includes "two separate sheets oriented parallel with each other" where the separate sheets are "spaced from each other" by a claimed distance. DKT#13 at 12. Incom's complaint contains nothing that plausibly shows these claim elements are met. In response, Incom points only to paragraphs 147-149 and says this "ties the accused products to the asserted claims." Resp. 8, 10. But these paragraphs provide no factual information about the required "separate sheets," their orientation to each other, or their distance from each other.

Incom's allegations on the "shielding" and "aperture" elements of claims 1 and 14 are also deficient because they merely parrot the claim language. DKT#13 at 11. For example, the complaint conclusorily alleges that unidentified "Accused Radiant Products" include shielding between the antenna(e) and the monitoring zone and an aperture formed in the shielding. *Id.* Under the standard this Court has followed, such conclusory allegations are excluded. *See Yeti Coolers*, No. 1:15-CV-00597-RP, DKT#110 at 3-4; *see also* DKT#13 at 11. Nothing in the alleged facts shows an "aperture" anywhere, much less an aperture between an antenna and any shielding. Rather, the complaint photos do not visibly show any aperture. DKT#12, Amended Cmplt., ¶135. Incom cannot avoid these claim elements by claiming the information is not "reasonably available." Resp. 12. As discussed above, Incom inspected, disassembled and took photos of Radiant's commercial product, but Incom chose not to include any of that information in its amended complaint.

### b) '185 Patent Claim Elements Are Missing.

Incom's amended complaint is missing factual allegations that plausibly show a Radiant product meets each element of claim 16. DKT#13 at 13-14. Incom discusses a badge holder and a bracelet. Resp. 13-15. For the badge holder, Incom fails to allege facts that plausibly show this item includes the required "tag spacing maintainer" claim element. DKT#13 at 13. For the bracelet, Incom fails to allege facts that plausibly show this item includes the required "tag

7

orientation controller" claim element.  DKT#13 at 14.  Despite actually possessing these products, Incom identifies no factual allegations that plausibly show the missing claim elements are met.  Incom does not even attempt to point out factual allegations that the bracelet meets the "tag orientation controller" element.  For the badge holder, Incom inexplicably argues that the *badge holder* meets the "tag spacing maintainer" element by pointing to its allegations regarding the *bracelet*.  Resp. 15.

### c)     '705 Patent Claim Elements Are Missing.

Incom's amended complaint is missing factual allegations that plausibly show Radiant practices each element of claims 1, 2, 4, 5 or 6.  DKT#13 at 16-17.  The complaint contains no allegations that plausibly identify the claimed "attendance tracker individual," or that plausibly show "communicating the provisional attendance report" to the attendance tracker, or the attendance tracker "visually" inspecting the attendance within the attendance area "regardless of whether any expected attendees are absent in the provisional attendance report."  DKT#13 at 16-17.  Incom cannot bridge this gap by pointing to publicly available materials not mentioned in its complaint.  Resp. 19.  Such materials cannot be considered on a motion to dismiss.  *Gonzales v. Pan Am. Labs., L.L.C.*, No. 3:14-CV-2787-L, 2015 WL 5731289, at *3 (N.D. Tex. Sept. 29, 2015).  If anything, this attempt is a clear sign that Incom considers its complaint deficient.  Even if considered, these extraneous materials do not plausibly show the missing steps.

Moreover, Incom's response highlights the lack of factual support for the claim element requiring a visual inspection "regardless of whether any expected attendees are absent."  Resp. 19.  By its plain terms, this language requires a visual inspection even when the report shows no attendees are absent.  Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense.  *Iqbal*, 556 U.S. at 663-64.  At least as a matter of common sense, the attendance area would not

8

need to be visually inspected when the report indicates all attendees are present. Instead of pointing to factual allegations that support a contrary inference, Incom asserts this claim element "simply does not matter." Resp. 19.

### III.   INCOM FAILS TO ALLEGE INFRINGEMENT UNDER §271(B) OR §271(C).

Incom's complaint should be dismissed because it does not state a claim for inducing infringement under §271(b) or contributory infringement under §271(c). Incom insists that it states a claim on both grounds (Resp. 12, 16, 20), but does not dispute that §§ 271(b) and (c) are not cited, and the terms inducement of infringement or contributory infringement are not mentioned. Instead, the complaint generally uses the terms "infringe" "infringing" or "infringement" at least 58 times, including in the header that defines each Count. DKT#12, Amended Cmplt at ¶¶4, 6, 7, 95-98, 102, 120-127, 131, 150-156, 160, 175-181. These references are all in the context of direct infringement because they refer to infringing products or conduct specified under §271(a). By contrast, Incom specifically identified claims of contributory infringement apart from infringement in its prior lawsuit. *See Incom Corp. v. The Walt Disney Company*, 2-15-cv-03011 (C.D. Cal. April 22, 2015) DKT#1, ¶¶11, 18, 25 (§271(a)) and ¶¶15, 22, 29 (§271(c)). Simply put, Incom knows how to specifically allege inducing or contributory infringement (§§271(b) and (c)), but did not do so here.

Incom's purported inducement and contributory infringement claims fail for additional reasons. First, these claims fail because Incom fails to state a claim for infringement, which is a prerequisite to both claims. DKT#13 at 7. Second, the factual allegations do not support contributory infringement. Incom says it has alleged "a part of the accused products was especially made or adapted for infringement." Resp. 13. But contributory infringement requires much more—including proof that a "component has no substantial noninfringing uses" and that a

9

"component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). No "component" is identified, and none of these allegations exist.

Third, the factual allegations do not support inducing infringement. Inducement "requires knowledge that the induced acts constitute patent infringement." *In re Bill of Lading Transmission and Processing Sys. Patent Litig*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Incom relies solely on Radiant's knowledge of the complaint and general statements that Radiant provided "instructions" and "encouraged" customers. DKT#12, Amended Complt. ¶122 ('185 Patent); ¶152 ('779 Patent); ¶179 ('705 Patent). But the complaint shows no infringement exists because several claim elements are missing. DKT#13 at 8. That is fatal. *Bill of Lading*, 681 F.3d at 1342 ("failure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss."). And, Incom's general allegations that "merely indicate that Defendant provides instruction, technical support, and training for using its own software" do not allow a court to "infer that Defendant had the specific intent to induce others to infringe." *See Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 3-13-cv-1278, 2013 WL 5729487, at *3 (S. D. Cal. Oct. 22, 2013); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049, 2012 WL 2343163, at *4 (N. D. Cal. June 5, 2012). Indeed, Incom acknowledges that customer instructions were publicly available. Resp. 17. It just chose not to mention anything about them in its amended complaint.

## IV.   CONCLUSION

For the foregoing reasons, Radiant respectfully requests that this Court dismiss Incom's amended complaint for failure to state a claim under Federal Rule 12(b)(6).

May 1, 2017                                        Respectfully submitted,

                                                   KING & SPALDING LLP

                                                   /s/ Jeffrey D. Mills
                                                   Jeffrey D. Mills
                                                   State Bar No.  24034203
                                                   401 Congress Avenue, Suite 3200
                                                   Austin, TX  78701
                                                   512.457.2027
                                                   jmills@kslaw.com


                                                   /s/ John H. Barr
                                                   John H. Barr
                                                   State Bar No.  00783605
                                                   1100 Louisiana Street, Suite 4000
                                                   Houston, TX  77002
                                                   713.276.7369
                                                   jbarr@kslaw.com

                                                   *Attorneys for Defendant
                                                   Radiant RFID, LLC*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.  I further certify that I caused a copy of this document to be mailed by first-class mail to all non-CM/ECF participants.


                                                   /s/ Jeffrey D. Mills
                                                   Jeffrey D. Mills